UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA ROUNDTREE,

      Plaintiff,

v.

MICHELLE REYNOLDS and
UNCAGED MINDS PUBLISHING,

      Defendants.

Case No. 23-CV-552-JPS

**ORDER**

**1. INTRODUCTION**

  This matter has been pending since May 1, 2023. ECF No. 1. After much back-and-forth with Plaintiff Joshua Roundtree ("Plaintiff"), *see* ECF Nos. 4, 7, 11, 13, 15, the Clerk of Court has verified that he has submitted payments in full satisfaction of the filing fee. *See* docket notation dated Aug. 15, 2023. Because he has paid the filing fee in full, his motion for leave to proceed in forma pauperis, ECF No. 5, is moot and will be denied accordingly. The Court now screens his complaint.

**2. SCREENING THE COMPLAINT**

  **2.1 Legal Standard**

  "Notwithstanding any filing fee, . . . the court shall dismiss the case at any time if the court determines that[] . . . the action or appeal[] (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Likewise, "[i]f the court

---

[1] The screening requirement in 28 U.S.C. § 1915A does not apply because Plaintiff does not seek redress from a governmental entity or one of its officers or employees.

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke,* 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an "indisputably meritless legal theory" or where the "factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678)

(internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 2.2 Plaintiff's Factual Allegations

Plaintiff is currently incarcerated at the Gilmer Federal Correctional Institution in Glenville, West Virginia. ECF No. 1 at 1. Plaintiff states that, while incarcerated, he has written two books, including typing manuscripts of those books himself. *Id.* In or around October 2020, he responded to a magazine advertisement placed by Defendant Uncaged Minds Publishing and later communicated by letter, email, and telephone with Defendant Michelle Reynolds ("Reynolds" and with Defendant Uncaged Minds Publishing, "Defendants"). *Id.* at 1–2. He "negotiat[ed] a (2) book publishing deal and the typing of a 3rd manuscript" with Defendants. *Id.* at 2. Plaintiff then mailed three manuscripts—two typed and one handwritten—to Defendants, together with checks totaling $900.00. *Id.* at 2–3. Plaintiff indicates that the $900.00 check was "to have (2) books published." ECF No. 1 at 3.[2]

Plaintiff states that, after receiving his checks, Reynolds stopped communicating with him completely. *Id.* It appears that Plaintiff's

---

[2]Plaintiff has attached various documents to his complaint. One of those documents is signed by Plaintiff and Reynolds, "Chief Operations Officer" of Uncaged Minds Publishing, and indicates that "Uncaged Minds Publishing agrees to publish two books for Mr. Roundtree" in exchange for Plaintiff's payment of $900.00. ECF No. 1-1 at 2. Plaintiff has also attached images of three checks payable to Michelle Reynolds and/or Uncaged Minds Publishing, which total $900.00. *Id.* at 3–5.

manuscripts were not published (although the complaint does not state this explicitly). Reynolds eventually responded to Plaintiff in November 2022 to indicate that her non-responsiveness was due to illness. *Id.* However, at that time, she "refused to refund" Plaintiff's payments "or fix and publish the hundreds of typo's [sic] in the proofs of the manuscript." *Id.* Later, on April 24, 2023, Reynolds "offer[ed] to return $100.00 of the $1,150.00 that was sent to her and Uncaged Minds Publishing." *Id.* at 4.[3] Reynolds told Plaintiff he "went over the page count of the contract," but Plaintiff contends no page count or limit "was []ever discussed or agreed upon." *Id.*

Accordingly, Plaintiff now sues Defendants for breach of contract. *Id.* at 4–5. For relief, he requests that his manuscripts be returned to him, that his payments to Defendants be refunded, and for $100,000.00 to compensate him for the pain and suffering he alleges to have experienced as a result of Defendants' conduct. *Id.* at 6. Either additionally or alternatively, he requests that Defendants "honor the contract." *Id.*

### 2.3 Analysis

The complaint centers on Defendants' alleged failure either to publish Plaintiff's books as agreed upon in the contract between them, or to refund payments that Plaintiff made to Defendants when he requested such. Fundamentally, this is a breach of contract claim, which is governed by state common law. Thus, for the court to have jurisdiction to resolve this dispute, Plaintiff must be a citizen of a different state than Defendants, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

---

[3] It is not clear where the $1,150.00 figure comes from, as Plaintiff previously alleged, and attachments to his complaint show, that a total of $900.00 was sent to Defendants.

However, Plaintiff's complaint as written is deficient on both the diverse citizenship and amount in controversy requirements.

Plaintiff has provided only post office box addresses for Defendants. ECF No. 1 at 2; *see also generally* ECF No. 1-1. This is insufficient to establish the citizenship of either Defendant. "For purposes of the diversity jurisdiction, citizenship differs from residence." *Myrick v. Wellpoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014). For an individual like Reynolds, "[c]itizenship means domicile (the person's long-term plan for a state of habitation) rather than just current residence." *Id.* (citing *In re Sprint Nextel Corp.*, 593 F.3d 669 (7th Cir. 2010)). The citizenship of a business entity depends on the nature of its organization. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A limited liability company (LLC) has the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Plaintiff has not alleged whether Uncaged Minds Publishing is a corporation or a limited liability company (or some other entity), nor has he alleged any facts that would establish its citizenship.

Plaintiff pleads damages in the form of payments he made to Defendants and pain and suffering; however, his $100,000.00 in pain and suffering damages cannot be used to satisfy the amount in controversy requirement. "The only damages that [a] plaintiff could recover in a breach of contract claim would be compensatory damages—the damages that he incurred as a result of defendants' alleged breach of contract." *Jenkins v. Bank of Am.*, No. 22-CV-173-BBC, 2022 WL 1604644, at *1 (W.D. Wis. May 20, 2022) (citing *Barnes v. Gorman*, 536 U.S. 181, 187 (2002)). "Punitive damages or damages for pain and suffering are not recoverable in contract

actions." *Id.* (citing *Hansen v. Texas Roadhouse*, Inc., 827 N.W.2d 99, ¶ 29 (Wis. Ct. App. 2013)). However, "lost profits as a result of the defendants' alleged failure to publish his book," in combination with Plaintiff's payments to Defendants, might be sufficient to satisfy the amount in controversy requirement. *Wiggins v. Reynolds et al.*, Case No. 21-CV-1488 (E.D. Wis. May 31, 2021), ECF No. 15 at 2 (allowing breach of contract claim to proceed past screening where amended complaint alleged $150,000.00 in lost profits).

The Court will give Plaintiff leave to amend his complaint to address these two deficiencies. If Plaintiff does not file an amended complaint by the below-stated deadline, or if his amended complaint fails to cure these deficiencies, his case will be dismissed without prejudice.

### 3.  CONCLUSION

For the reasons stated above, the Court will give Plaintiff leave to file an amended complaint that addresses the deficiencies explained above. Any amended complaint must be filed on or before **September 21, 2023**. Failure to file an amended complaint within this period, or failure to file an amended complaint that cures these deficiencies, will result in dismissal of this action without prejudice. The Court is enclosing a copy of its amended complaint form and instructions.

Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and Defendant with notice of what Defendant allegedly did or did not do to violate his rights.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *Duda v. Bd. of*

*Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)). In such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). In other words, any amended complaint must include **all** of the allegations and claims (including those from the original complaint) that Plaintiff wishes to make, in a single filing without reference to other documents.

Accordingly,

**IT IS ORDERED** that Plaintiff Joshua Roundtree's motion for leave to proceed without prepayment of the filing fee, ECF No. 5, be and the same is hereby **DENIED as moot** in light of his payment of the full filing fee;

**IT IS FURTHER ORDERED** that on or before **September 21, 2023**, Plaintiff shall submit an amended complaint using the provided form and in accordance with the instructions provided herein; failure to do so will result in dismissal of this action without prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form along with this Order.

Dated at Milwaukee, Wisconsin, this 22nd day of August, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

> Plaintiff will be required to submit all correspondence and legal material to:
>
> > Office of the Clerk
> > United States District Court
> > Eastern District of Wisconsin
> > 362 United States Courthouse
> > 517 E. Wisconsin Avenue
> > Milwaukee, Wisconsin 53202
>
> **DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.
>
> Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.