# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSHUA ROUNDTREE,

                      Plaintiff,

v.

MICHELLE REYNOLDS and
UNCAGED MINDS PUBLISHING,

                      Defendants.

Case No. 23-CV-552-JPS

**ORDER**

      This matter, in which Plaintiff Joshua Roundtree ("Plaintiff") alleges a breach of contract claims against Defendants Michelle Reynolds ("Reynolds") and Uncaged Minds Publishing ("Uncaged Minds") (together, "Defendants"), has been pending since May 1, 2023. ECF No. 1. On August 22, 2023, the Court screened Plaintiff's complaint. ECF No. 16. In that order, the Court identified pleading deficiencies with the complaint related to Court's subject matter jurisdiction, and directed Plaintiff to file an amended complaint to correct those deficiencies. ECF No. 16. Plaintiff filed an amended complaint on August 31, 2023, ECF No. 18, which the Court now screens.

      When considered under the lenient standard applicable at this stage of the case together with the Court's obligation to liberally construe pro se litigants' filings, the amended complaint alleges sufficient facts supporting the Court's subject matter jurisdiction over this case, or at the very least which preclude the Court from definitively saying it does not have subject matter jurisdiction.

The allegations in the amended complaint as to the Defendants' citizenship are, for purposes of screening, sufficient to satisfy the diversity of citizenship requirement. Plaintiff, a citizen of West Virginia, pleads that Defendants together are citizens of Wisconsin and provides a Green Bay, Wisconsin post office box address for them. *Id.* at 1–2. He goes on to state that these Defendants are "shady," making it difficult to establish their citizenship. *Id.* at 5. To attempt to establish Defendants' citizenship, he points out that Reynolds, Uncaged Minds' "Chief Operating Officer," has a phone number with a Florida area code and that a check payable to "Michelle Reynolds and Uncaged Minds Publishing" was cashed at Tennessee State Bank. ECF No. 18 at 5.[1]

The Court is skeptical that a phone number or bank location used by one or both Defendants can, on its own, establish citizenship as a legal matter. But, assuming these facts are true, they are enough to show at least that Defendants resided or did business in a different state than Plaintiff. The Court's role at this stage of the proceedings is to conduct threshold review and determine whether Plaintiff makes cognizable claims—not to make Defendants' arguments for dismissal for them. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("Whether petitioner's complaint is sufficient in all respects is a matter yet to be determined . . . ."). Because Plaintiff proceeds without counsel, his submissions are entitled "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By

---

[1] In a letter filed separately from his complaint, Plaintiff states that he does not know any citizenship information about Defendants beyond the post office box address he has already supplied. ECF No. 19. He points out that "[b]eing incarcerated limits [his] resources to investigate" this issue. *Id.* at 1.

operation of these standards, Plaintiff has pleaded enough facts to show that diversity of citizenship exists between the parties.

For similar reasons, the Court also finds that, for purposes of screening, the allegations in the amended complaint adequately plead the amount in controversy requirement. For damages, Plaintiff seeks, among other things, "return of all payments [he] made to [Defendants]" related to publishing his books, including but not limited to $900.00 for (2) book publishing deal[s]" and "$175.00 . . . for typing of 3rd manuscript." ECF No. 18 at 4, 6. He also seeks "$100,000.00 for lost profits as a result of the Defendants' failure to publish" his books. *Id.* at 6.

Plaintiff's alleged damages are available in a breach of contract action. *Jenkins v. Bank of Am.*, No. 22-CV-173-BBC, 2022 WL 1604644, at *1 (W.D. Wis. May 20, 2022) ("The only damages that [a] plaintiff could recover in a breach of contract claim would be compensatory damages—the damages that he incurred as a result of defendants' alleged breach of contract." (citing *Barnes v. Gorman*, 536 U.S. 181, 187 (2002))). Accepting these allegations, including the allegation of the lost profits Plaintiff suffered, as true, the Court must conclude that Plaintiff has sufficiently alleged an amount in controversy that meets the $75,000.00 minimum applicable in diversity cases. 28 U.S.C. § 1332(a); *see Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir 2006) ("[T]he case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum.").

For the reasons stated above, Plaintiff may proceed on his claims for breach of contract against Defendants. Plaintiff's next step in this matter is to serve his amended complaint together with a summons on Defendants. *See generally* Fed. R. Civ. P. 4. Plaintiff may either request service on

Defendants by the U.S. Marshals or to obtain service on Defendants on his own, using one of the methods described in Federal Rule of Civil Procedure 4(d)–(e).

If Plaintiff chooses to obtain service on Defendants on his own, he should simultaneously file a request for the Clerk of the Court to issue service packets to him. There is no cost for the Clerk of Court to issue service packets to Plaintiff. If Plaintiff hires a process server to serve Defendants, he will be responsible for that cost.

Alternatively, "at the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3).[2] Congress requires the U.S. Marshals Service to charge a fee for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for service by mail is $8.00 per item mailed; for process served personally by the U.S. Marshals Service, the fee is $65.00 per hour. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Congress has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service.

---

[2]Federal Rule of Civil Procedure 4(c)(3) provides that the Court must order service by the U.S. Marshals Service if a plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915. *See Williams v. Werlinger*, 795 F.3d 759, 760 (7th Cir. 2015). Here, because he paid the full filing fee, Plaintiff is not authorized to proceed in forma pauperis under 28 U.S.C. § 1915. ECF No. 16 at 7 (denying Plaintiff's in forma pauperis motion as moot). In similar circumstances, at least one other court in this district has nonetheless proceeded to order service by the U.S. Marshals. *See Isiah Taylor, III v. Michelle Schmude Reynolds et al.*, Case No. 22-CV-459-PP, ECF No. 12 at 11 (E.D. Wis. Oct. 29, 2022) (ordering service by the U.S. Marshals Service even where plaintiff paid the filing fee in full and did not proceed in forma pauperis). However, the Court finds it most appropriate here to give Plaintiff the choice of service methods.

Plaintiff must file a notice on or before **November 6, 2023**, indicating whether he will obtain service on Defendants on his own or if he desires service by the U.S. Marshals Service.

Accordingly,

**IT IS ORDERED** that Plaintiff shall file, on or before **November 6, 2023**, a notice indicating whether he will obtain service on Defendants on his own or if he desires service by the U.S. Marshals Service.

Dated at Milwaukee, Wisconsin, this 6th day of October, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiff will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.