UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA ROUNDTREE,

      Plaintiff,

v.

             Case No. 23-CV-552-JPS

MICHELLE REYNOLDS and
UNCAGED MINDS PUBLISHING,    **ORDER**

      Defendants.

  At the Court's direction and after they initially failed to timely do so, Defendants Michelle Reynolds ("Reynolds") and Uncaged Minds Publishing ("UMP") (together, "Defendants") filed an answer on March 13, 2024. ECF Nos. 35, 36. The answer purports to be on behalf of both Reynolds and UMP. ECF No. 36 (listing both Defendants).

  Reynolds proceeds pro se; the answer stands as her responsive pleading. 28 U.S.C. § 1654 ("[P]arties may plead and conduct their own cases personally . . . .").[1] However, the Court has discovered that UMP appears to be a limited liability company (LLC) incorporated in Illinois:

---

[1] Defendants failed to serve the answer and its attachment on Plaintiff Joshua Roundtree ("Plaintiff"). *See* ECF No. 36 (no indication of service); ECF No. 37 (letter from Plaintiff indicating he did not receive Defendants' answer). The Court will direct that the Clerk of Court mail to Plaintiff a copy of Defendants' answer and attachment along with this Order.

  Plaintiff does not need to respond to the answer at this time, or otherwise file anything further; the Court will direct the parties to make further filings as appropriate upon resolution of the issue of UMP's representation as discussed herein.

| Entity Name | UNCAGED MINDS PUBLISHING LLC | | |
|---|---|---|---|
| Principal Address | 3221 EMERY LN.<br>ROBBINS, IL 604720000 | | |
| File Number | 08218544 | Status | ACTIVE on 12-27-2023 |
| Entity Type | LLC | Type of LLC | Domestic |
| Org. Date/Admission Date | 01-24-2020 | Jurisdiction | IL |
| Duration | PERPETUAL | | |
| Annual Report Filing Date | 12-27-2023 | Annual Report Year | 2024 |
| Agent Information | DONALD M. REYNOLDS<br>3221 EMERY LN.<br>ROBBINS, IL 60472 | Agent Change Date | 01-24-2020 |

*Business Entity Search*, OFF. OF THE ILL. SEC'Y OF STATE, https://apps.ilsos.gov/businessentitysearch/ (last visited April 25, 2024).[2] As a result, the answer—insofar as it represents UMP's position—cannot stand.

"[P]arties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. In other words, although individuals can represent themselves in federal court, courts may

---

[2]The Court may take judicial notice of public records, such as state business incorporation records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

In addition to directing that this Order be served on Reynolds at the Green Bay mailing address to which the Court has sent previous orders, *see, e.g.*, ECF No. 35, the Court will direct that this Order be served on UMP at its judicially-noticed Illinois business address.

The Court notes that it earlier ordered both Defendants to be served at an address in Green Bay, Wisconsin. ECF No. 28; ECF No. 31 (summons returned executed as to UMP). The Court did so in reliance on another case in which UMP was named as a defendant and served at that address. ECF No. 28 at 1 (citing *Isiah Taylor, III v. Michelle Schmude Reynolds et al.*, Case No. 22-CV-459, ECF Nos. 24 and 25 (E.D. Wis. Feb. 21, 2023)). In that case, UMP never appeared or made any filings, and Chief Judge Pamela Pepper did not address the issue of UMP's representation or lack thereof.

limit this right when it comes to business entities like UMP. Like corporations, limited liability companies are "not permitted to litigate in a federal court unless . . . represented by a lawyer licensed to practice in that court." *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) and *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985)); *see also* Gen. L.R. 83(e) ("Only natural persons, including those operating sole proprietorships, may appear pro se. Legal entities, such as corporations, partnerships, unincorporated associations, limited liability companies, or trusts, must be represented by legal counsel."). "This rule applies even if the [business] is owned by only a few closely related individuals or by a single person who seeks to appear on behalf of the corporation." *United States v. Certain Real Prop.*, 381 F. Supp. 3d 1007, 1008 (E.D. Wis. 2018) (citing *In re AT&T Fiber Optic Cable Installation Litig.*, No. 1:99-ml-9313-DFH-TAB, 2010 WL 5152407, *1–2 (S.D. Ind. Dec. 13, 2010)).

The rationale for this rule is as follows. While "[a]n individual is permitted by 28 U.S.C. § 1654 to proceed pro se in a civil case in federal court because he might be unable to afford a lawyer, . . . the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity." *Hagerman*, 545 F.3d at 581–82 (citations omitted). A party who "has chosen to do business in entity form . . . must take the burdens with the benefits." *Id.* at 582 (citing *Lattanzio v. COMTA*, 481 F.3d 136, 140 (2d Cir. 2007)); *see also In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011) (noting that, regardless of a business's size, its "[i]nability

Page 3 of 6
Case 2:23-cv-00552-JPS    Filed 04/25/24    Page 3 of 6    Document 38

to litigate pro se can be thought of as part of the price for [its] privileges" (citations omitted)).

For these reasons, the Court may not permit UMP to proceed pro se, and accordingly must reject UMP's answer. *See Coldwell Banker Real Est. LLC v. Centanne*, No. 10 C 2299, 2010 WL 4313766, at *1 (N.D. Ill. Oct. 25, 2010) (citing *Rowland*, 506 U.S. at 201–02 and rejecting an individual pro se defendant's attempt to answer on behalf of a business entity); *Alam v. Miller Brewing Co.*, No. 10-C-512, 2011 WL 2111747, at *1, n.1 (E.D. Wis. May 26, 2011), *aff'd*, 709 F.3d 662 (7th Cir. 2013) (granting defendants' motion to strike plaintiff's "attempt to appear on behalf of his LLC" and citing *Hagerman*, 545 F.3d at 581); *First Amend. Found. v. Village of Brookfield*, 575 F. Supp. 1207, 1207–08 (N.D. Ill. 1983) (striking papers filed by a non-attorney on behalf of a corporation).

The Court will further order that UMP obtain legal representation by an attorney admitted to practice in the United States District Court for the Eastern District of Wisconsin, who shall file a notice of appearance in this case on or before **June 10, 2024**. UMP shall then, through counsel, file a responsive pleading to Plaintiff's amended complaint within **twenty-one (21) days** after its attorney files a notice of appearance.

Alternatively, if Defendants believe that UMP is not required to appear by counsel—for example, because it is a sole proprietorship, *see* Gen. L.R. 83(e) cited above—they may file a notice stating such by **June 10, 2024**. Any such notice must include supporting documentation. The Court will then take such notice under advisement and issue an order with further instructions.

If UMP fails to timely obtain legal representation, or to timely explain why it is not required to proceed through a lawyer, within the time

specified, the Court may enter default against it. *United States v. Hagerman*, 549 F.3d 536, 538 (7th Cir. 2008) ("The usual course when a litigant not entitled to litigate pro se" has not obtained a lawyer "is to give it a reasonable opportunity to find . . . one . . . and, if it fails, either to dismiss the case . . . or enter a default judgment." (collecting cases)); *United States v. Alacran Contracting, LLC*, No. 11 C 50126, 2015 WL 7753069, at *1 (N.D. Ill. Dec. 2, 2015) ("The inability of an LLC to continue paying its attorney is generally a ground to enter a default against the LLC.").

Accordingly,

**IT IS ORDERED** that Defendant Uncaged Minds Publishing obtain legal representation by an attorney admitted to practice in the United States District Court for the Eastern District of Wisconsin, who shall file a notice of appearance on or before **June 10, 2024**; Uncaged Minds Publishing shall then, through counsel, file a responsive pleading to Plaintiff's amended complaint within **twenty-one (21) days** after its attorney files a notice of appearance; failure to timely appear through an attorney or explain why it is not required to appear through an attorney may result in entry of default against Uncaged Minds Publishing;

**IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of Defendant Michelle Reynolds's answer, ECF No. 36, together with this Order, to Plaintiff Joshua Roundtree at his institution of confinement:

>  Inmate No. 54569-039
>  Yazoo City Federal Correctional Institution (Low)
>  Inmate Mail/Parcels
>  PO 5000
>  Yazoo City, MS 39194; and

**IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of this Order to Defendant Michelle Reynolds at the address at which she was

served, 253 N. Baird St., Green Bay, Wisconsin, 54301, and to Defendant Uncaged Minds Publishing at its judicially-noticed Illinois business address, 3221 Emery Lane, Robbins, Illinois, 60472.

Dated at Milwaukee, Wisconsin, this 25th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Any party proceeding pro se will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.